UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TODD THOMAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES S. BOSTWICK,<br><br>　　　　Defendant. | Case No. 13-cv-02544-JCS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**Dkt. No. 19** |

## I.　INTRODUCTION

Plaintiff Richard T. Thomas filed this action against Defendant James S. Bostwick under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Plaintiff alleges that Defendant was Trustee of the Datair Mass-Submitter Prototype Defined Contribution Plan ("the Plan), and breached his fiduciary duties by terminating the Plan, liquidating the assets, and taking the proceeds allocable to Plaintiff's interest in the Plan. Plaintiff alleges that Defendant applied these proceeds against Plaintiff's judgment debts in violation of the Plan's anti-alienation provision.

Defendant filed a Motion to Dismiss ("Motion"). Defendant contends that Plaintiff's claim is moot and further contends that Plaintiff fails to state a claim. The Court held a hearing on the Motion on September 13, 2013, at 9:30 a.m. For the reasons stated below, Defendant's Motion to Dismiss is DENIED.[1]

//

//

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. Factual Allegations

In the Complaint, Plaintiff alleges that all relevant times, he was a participant of the Plan, of which Defendant Bostwick, an individual, was Trustee. Complaint ("Compl.") ¶¶ 3-4. Between 1996 and 2005, Plaintiff was employed at James S. Bostwick, a Professional Corporation, doing business as Bostwick & Associates (hereafter "the Employer"). *Id*. ¶¶ 3, 5. During this time, the Plan was in effect, and the Employer made contributions to the Plan for Plaintiff's benefit. *Id*. ¶ 6.

After Plaintiff was terminated by the Employer, the Plan was terminated. *Id*. Plaintiff alleges that in the course of liquidating the Plan, Defendant, acting as Trustee, caused the proceeds allocable to Plaintiff's interest in the Plan to be received by the Employer. *Id*. The Employer received three cashier's checks from the liquidated Plan funds which constituted Plaintiff's interest: one for $6,040.94 dated October 28, 2009; one for $15,386.17 dated January 2, 2009; and one for $204.68 dated January 2, 2009. *Id*. ¶ 7. Plaintiff did not become aware of the liquidation of his interest in the Plan or the Employer's receipt of the proceeds until June 5, 2012, one year before the Complaint was filed. *Id*. ¶ 9.

Plaintiff alleges that the Employer applied these proceeds against Plaintiff's "judgment debts" to the Employer.[2] Compl. ¶ 7. On December 15, 2005, the Employer filed a civil action against Plaintiff in state court alleging that Plaintiff had embezzled funds while working at Bostwick & Associates. Request for Judicial Notice in Support of Motion to Dismiss ("RJN") Exhibit ("Ex.") C (Civil Complaint in *Bostwick v. Thomas*, CV-055657, Superior Court of California, County of Marin). On October 6, 2006, the state court entered judgment in favor of the Employer in the amount of $19,837,866.14. RJN Ex. D (Civil Order). Moreover, on February 20, 2007, a criminal complaint was filed against Plaintiff asserting multiple felony counts for embezzlement. RJN Ex. E (Felony Complaint in *People v. Thomas*, SCR-471365, Superior Court

---

[2] These "judgment debts" are subject to judicial notice. Fed.R.Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed.R.Evid. 201, a court may take judicial notice of matters of public record.") (quotations omitted).

2

1  California, County of San Francisco). On December 21, 2009, the court filed an Order for

2  Restitution against Plaintiff and in favor of the Employer in the amount of $8,777,725.18. RJN

3  Ex. F (Restitution Order).

4  The Employer filed an adversary bankruptcy proceeding in an effort to obtain a judgment

5  as to whether he was allowed to accept, without Plaintiff's permission, Plaintiff's share in the

6  Plan's liquidated assets as partial satisfaction of Plaintiff's judgment debts. RJN Ex. A (Joint

7  Stipulation of Undisputed Facts, and Statement of Disputed Matters filed on April 11, 2013 in the

8  matter of *Bostwick v. Thomas*, United States Bankruptcy Court, Northern District of California,

9  A.P. 12-03123). The parties filed motions for summary judgment, but the bankruptcy court

10 declined to decide whether the Employer properly received the funds, leaving that issue for

11 "another court to determine." RJN Ex. B (Order re: Cross-Motions for Summary Judgment) at

12 2:2.

13 **B.   The Plan**[3]

14 Plaintiff alleges that he did not, at any time, authorize the Employer to receive his share of

15 the proceeds. *Id*. Plaintiff notes that the Plan document contains an anti-alienation provision

16 barring any creditor from enforcing any claim against a Plan participant's interest in the Plan.

17 Section 3.11.7 of the Plan provides, in relevant part:

> **3.11.7  Inalienability.** The right of any Participant or his Beneficiary in any distribution hereunder or to any separate Account shall not be subject to alienation, assignment or transfer, voluntarily or involuntarily, by operation of law or otherwise, except as may be expressly permitted herein. No participant shall assign, transfer, or dispose of such right nor shall any such right be subjected to attachment, execution, garnishment, sequestration, or other legal, equitable, or other process.

23 RJN Ex. A-5 at 91. Such an anti-retaliation provision is required by ERISA. *See* 29 U.S.C. §

24 1056(d)(1) ("Each pension plan shall provide that benefits provided under the plan may not be

---

[3] The Plan was submitted as part of Defendant's Request for Judicial Notice. *See* RJN Ex. A 1-5. While the Plan is not subject to judicial notice, the Court may consider the Plan because its authenticity is not contested and the plaintiff "necessarily relies" on the Plan in the Complaint. *Lee*, 250 F.3d at 688 (citing *Parrino v. FHP, Inc.,* 146 F.3d 699, 705–06 (9th Cir. 1998)).

3

1  assigned or alienated").

2  The Plan also provides that the proceeds of the Trust shall not revert to the Employer.

> **3.11.1  No Reversion to Employer.**  Except as specifically provided in the Plan, *no part of the corpus or income of the Trust shall revert to the Employer* or be used for, or diverted to purposes other than for the exclusive benefit of Participants and their Beneficiaries.

RJN Ex. A-5 at 91 (emphasis added).

The Plan also provides the rule for voluntary termination of the Plan:

> **3.8.4  Voluntary Termination.**  The employer may terminate the Plan at any time by delivering to the Trustee an instrument in writing which designates such termination. *Following termination of the Plan, the Trust will continue until the Distributable Benefit of each Participant has been distributed.*

RJN Ex. A-4 at 85 (emphasis added).

### C. Motion to Dismiss

Defendant moves to dismiss, contending the case is moot and Plaintiff fails to state a claim. Defendant argues the case is moot for two reasons. First, Defendant contends the Plan is no longer in existence, and therefore, there can be no funds due under the Plan. Defendant also contends that at the time in which Defendant Bostwick, acting as Trustee, allocated the funds to the Employer, he was no longer a fiduciary of the Plan, and therefore, he could not have breached a fiduciary duty.

Defendant also argues that Plaintiff fails to state a claim. Defendant contends that because Plaintiff embezzled funds, he lost all his rights to claim any entitlement under the terms of the Plan. Defendant also notes that he, as the Plan Administrator, had discretion to determine eligibility under the Plan, and was therefore within his rights to deny Plaintiff benefits under the terms of the Plan.

### III. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on

a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

## IV. DISCUSSION

As a threshold matter, the Court notes that Defendant is incorrect to argue that Plaintiff's case is moot. "A case is moot if the issues presented are no longer live and there fails to be a 'case or controversy' under Article III of the Constitution." *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). "The court must be able to grant effective relief, or it lacks jurisdiction and must dismiss the appeal." *Pub. Utilities Comm'n of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1458 (9th Cir. 1996).

Under ERISA § 409(a), 29 U.S.C. § 1109(a), a fiduciary of an ERISA plan may be personally liable for a breach of fiduciary duties, which includes wrongful taking or transfer of plan assets. *Kim v. Fujikawa*, 871 F.2d 1427, 1431 (9th Cir. 1989) (holding an ERISA fiduciary liable for "the entire cost of the prohibited transaction"). The Court is capable of finding Defendant in breach of his duties, entering judgment in favor of Plaintiff, and awarding Plaintiff damages. Therefore, the case is not moot.

Defendant also argues the case is moot because the Plan is no longer in existence as it was terminated in 2008 and 2009. Defendant is incorrect. The Ninth Circuit has held that "participants and beneficiaries of a terminated plan *have no standing* to seek legal damages for breach of fiduciary duty once the Plan was terminated *and Plan liabilities were satisfied*." *Waller v. Blue Cross of California*, 32 F.3d 1337, 1339 (9th Cir. 1994) (emphasis added). Assuming Plaintiff's allegations are true, he has standing to bring his claim because he alleges the Plan liabilities have not been satisfied. *See id.*

Moreover, the fact the Plan has been terminated does not make Defendant immune from liability. "ERISA sets forth the exclusive procedures for the standard termination of single-

employer pension plans." *Beck v. PACE Int'l Union*, 551 U.S. 96, 102 (2007). Termination of an ERISA pension plan requires, *inter alia*, final distribution of plan funds. *Id*. at 102-03 (citing 29 U.S.C. § 1341(b)(2)(D)). The Plan at issue in this case also requires that all benefits be distributed to participants before the Plan Trust is terminated. *See* RJN Ex. A-4 at 84. Plaintiff alleges that he has not received what is owed to him under the Plan, and that there has not been a final distribution of plan funds.

Defendant also argues that he was not Trustee of the Plan (and therefore had no fiduciary duties) at the time he transferred the funds to the Employer because the funds were liquidated prior to the transfer. This argument is meritless. The Complaint alleges that Defendant was trustee at the time that he caused Plaintiff's portion of the Plan proceeds to be paid to the Employer. Compl. ¶¶ 3, 6.

Defendant also asserts that Plaintiff did not ask for a distribution of his profit-sharing account at the time he was terminated. The Motion cannot succeed on this ground. First, this "fact" is not alleged in Plaintiff's Complaint, nor is this a fact subject to judicial notice. Second, Defendant fails to support his assumption that Plaintiff's omitted request for benefits at the time of his termination renders him ineligible for benefits under the terms of the Plan. Defendant does not cite any Plan provision in support of this position, and ignores the provision in the Plan that expressly states that the Trust corpus "shall" not revert to the employer. RJN Ex. A-5 at 91.

Next, Defendant contends that Plaintiff fails to state a claim because the Plan Administrator had discretion to interpret the terms of the Plan. While the Plan Administrator does "have full and complete discretion to determine eligibility for participation and benefits under this Plan," he may still be liable if, in interpreting the terms of the Plan, the Plan Administrator abuses his or her discretion. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006). Plaintiff states a claim under ERISA based on the allegation that Defendant abused his discretion by ignoring the anti-alienation provision in the Plan. *See id.*; RJN Ex. 5 at 91.

Defendant argues that under *United States v. Novak*, 476 F.3d 1041 (9th Cir. 2007), there is an exception to the anti-alienation provision in an ERISA pension plan when there is a criminal restitution order. In *Novak*, the United States sought to garnish the funds from an ERISA pension

plan under the Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub.L. No. 104–132, 110 Stat. 1227. The Ninth Circuit reconciled a conflict between two federal statutes−ERISA's anti-alienation provision on the one hand, the MVRA's garnishment provision on the other. Because the MVRA provides that "[n]otwithstanding any other Federal Law…a judgment imposing a fine may be enforced against all property or rights to property of the person fined," 18 U.S.C. § 3613(a), the Ninth Circuit interpreted the MVRA to supersede ERISA in this limited circumstance. *Novak*, 476 F.3d 1046-51.

This case does not arise under the MVRA. Nor could it−under the MVRA, only "[t]he United States may enforce a judgment…." 18 U.S.C. § 3613(a). Moreover, the question in this case, unlike *Novak*, is not whether a criminal restitution order allows the government to seize the funds, but whether the Trustee may transfer the funds to the Employer. In the absence of any legal support for such a proposition, the Court finds that the Trustee cannot.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

**IT IS SO ORDERED**.

Dated: September 19, 2013

JOSEPH C. SPERO
United States Magistrate Judge