UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TODD THOMAS,<br>        Plaintiff,<br>        v.<br>JAMES S. BOSTWICK,<br>        Defendant. | Case No. 13-cv-02544-JCS<br><br>**AMENDED[*] ORDER GRANTING MOTION TO QUASH NOTICE OF LIEN**<br><br>**Dkt. No. 63** |

## I. INTRODUCTION

Plaintiff Richard Todd Thomas embezzled nearly twenty million dollars from his former employer James S. Bostwick, Professional Corporation (the "Corporation"). The case before this Court relates to funds transferred to the Corporation from a profit-sharing plan in partial satisfaction of a judgment debt. Mr. Thomas has brought a claim alleging breach of fiduciary duty by Defendant James S. Bostwick, president of the Corporation. The parties have filed cross motions for summary judgment, which the Court has taken under submission. Mr. Thomas now moves to quash a Notice of Lien filed by the Corporation against any proceeds of the lawsuit. The Court held a hearing on August 29, 2014, and as discussed below, the Court holds that the proceeds of Mr. Thomas's claim against Mr. Bostwick are exempt under 11 U.S.C. § 522. The Court therefore GRANTS the Motion to Quash.[1]

## II. BACKGROUND

In 2009, the Corporation obtained a civil judgment against Mr. Thomas based on embezzlement, for $19,837,866.14, and a criminal restitution order, for $8,777,725.18. When the

---

[*] This Amended Order replaces the Order filed August 29, 2014 at Dkt. 82, and corrects a clerical error that resulted in omission of the signature date. It is otherwise identical to the previous Order.
[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

1    Corporation later liquidated its employee profit sharing plans, $21,631.79 from accounts
2    established for Mr. Thomas was transferred to the Corporation in partial satisfaction of Mr.
3    Thomas's judgment debts.  Mr. Thomas filed suit in this Court against Mr. Bostwick, as trustee of
4    the profit sharing plans, alleging that Mr. Bostwick wrongfully disregarded the ERISA-mandated
5    anti-alienation provisions of the plans.  The parties stipulated to resolve the case on cross motions
6    for judgment, which the Court has taken under submission.

7       The Corporation filed a Notice of Lien on any proceeds that Mr. Thomas might recover,
8    Dkt. 55, and Mr. Thomas has moved to quash on the basis that the value of his claim is exempt
9    from liability for debts predating his 2012 bankruptcy filing.  Mot. (Dkt. 63).

10      In the underlying bankruptcy proceeding, Mr. Thomas filed an Amended Schedule C on
11   June 20, 2012 listing "[p]otential claims against James S. Bostwick for converting pension plan
12   accounts" as exempt personal property.[2] Pl.'s RJN (Dkt. 63-2) Ex. 2.[3]  A meeting of creditors was
13   held the same day.  *See id.* Exs. 1, 3.  The Corporation filed an Adversary Complaint against Mr.
14   Thomas on August 14, 2012, "to determine the non-dischargeability of debt pursuant to 11 U.S.C.
15   §§ 523(a)(2)(A); (4), (6), and (7)."  Compl. at 1, *James S. Bostwick, Prof'l Corp. v. Thomas*, Adv.
16   Proc. No. 12-03123 (Bankr. N.D. Cal. Aug. 14, 2012) ("*Corp. v. Thomas*"), ECF No. 1.

17      The Adversary Complaint set forth the circumstances of the state court judgments
18   regarding Mr. Thomas's embezzlement from the Corporation, and requested judgment declaring
19   Mr. Thomas's judgment debts non-dischargeable.  *See generally id.*  Mr. Thomas did not dispute
20   that his debts were non-dischargeable, but argued that the Corporation had no right to take funds
21   from the profit-sharing plans and thus objected to the Corporation crediting such funds against his
22   debts.  Answer, *Corp. v. Thomas*, ECF No. 7; Def.'s Mot. for Summ. J., *Corp. v. Thomas*, ECF

---

[2] The Corporation's assertion that Mr. Thomas's exemption claim was for "certain funds in a profit-sharing plan," Opp'n (Dkt. 65) at 2, is factually incorrect.  To the extent that any of the Corporation's arguments rely on an assumption that Mr. Thomas failed to claim an exemption for the proceeds of his claim against Mr. Bostwick, the Court therefore disregards them.

[3] Documents from the bankruptcy proceeding are subject to judicial notice as "matters of public record" not "subject to reasonable dispute."  *See Lee v. City of Los Angeles*, 250 F.3d 668, 669 (2001).  The Corporation does not dispute the authenticity of the bankruptcy documents, nor could it reasonably do so.  Accordingly, the Court takes judicial notice of the records from Mr. Thomas's bankruptcy proceeding.

Nos. 12−14. Mr. Thomas inartfully requested in his Answer, without filing a cross-complaint, that the bankruptcy court "[d]etermine that . . . the [Corporation] must remit to [Mr. Thomas] an amount equal to his recoverable damages arising from this impropriety." Answer at 2, *Corp. v. Thomas*. The Corporation responded that it was justified in taking the funds. Pl.'s Mot. for Summ. J., *Corp. v. Thomas*, ECF Nos. 15, 16; Pl.'s Reply, *Corp. v. Thomas*, ECF. No. 23. The Corporation's submissions in the adversary proceeding did not mention Mr. Thomas's exemption claim.

Faced with the unusual circumstance of a debtor objecting to credit against his debts, as well as Mr. Thomas's quasi-claim for a determination that the Corporation must repay funds taken from the profit-sharing plans, the bankruptcy court opted to "abstain beyond declaring the debt to [the Corporation], whatever it is, non-dischargeable." Order at 2, *Corp. v. Thomas*, ECF No. 27. "[T]he question of the proper credits in favor of [Mr. Thomas] on the two judgments that are the subject of [the Corporation's] non-dischargeability action, and whether or not [Mr. Thomas] is entitled to recover anything from anybody because of the withdrawal from the profit-sharing account(s), [was] left to another court to determine." *Id.* at 1−2. The adversary proceeding was closed on May 23, 2013. *Id.*; Pl.'s RJN Ex. 3. Mr. Thomas filed his Complaint against Mr. Bostwick in this Court on June 5, 2013.

### III. ANALYSIS

#### A. Proceeds of Mr. Thomas's Claim Against Mr. Bostwick Are Exempt from Pre-Bankruptcy Debts

The Bankruptcy Code provides that a bankruptcy debtor may claim certain property as exempt, and such property "is not liable during *or after* the case for any debt of the debtor that arose . . . *before* the commencement of the case," subject to certain exceptions not invoked here. 11 U.S.C. § 522(c) (emphasis added). The debtor must file a list of any property that he or she claims as exempt, and property included on that list is deemed exempt unless a party in interest objects within 30 days of (1) the meeting of creditors, or (2) the debtor amending his or her claimed exemptions, whichever is later. *Id.* § 522(*l*); Fed. R. Bankr. Proc. 4003(b)(1). If no party files an objection within that period then the property is exempt, even if the statute did not actually

1    authorize the debtor to claim it as such. *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 643−44
2    (1992). Property that is exempt is immune from liability for even non-dischargeable pre-
3    bankruptcy debts. *In re Cunningham*, 513 F.3d 318, 323−24 (1st Cir. 2008); *see also In re Frye*,
4    No. CC-08-1258-MkHPa, 2009 WL 7751434, at *5 (B.A.P. 9th Cir. Apr. 7, 2009) (unpublished
5    and non-precedential).

In *Taylor*, as in this case, a bankruptcy debtor "claimed as exempt property the money she expected to win" in a lawsuit. *Id.* at 640. Although the trustee of the debtor's bankruptcy estate wrote a letter to the debtor's attorneys indicating that "he considered the potential proceeds of the lawsuit to be property of [the debtor's] bankruptcy estate," he ultimately decided not to formally object to the claimed exemption because he "doubted that the lawsuit had any value." *Id.* at 640−41. The debtor later settled her lawsuit for $110,000, most of which she signed over to her attorneys to satisfy their fees. *Id.* at 641. The trustee filed a complaint against the attorneys claiming that the proceeds of the lawsuit were property of the bankruptcy estate, and a bankruptcy court ordered them to "return" a portion of the funds to the estate. *Id.* The Supreme Court, however, held that the trustee, having failed to object during the 30 day period, could not later challenge the exemption "whether or not [the debtor] had a colorable statutory basis for claiming it." *Id.* at 643−44.

The Corporation argues in its Opposition that it "challenged . . . the claim of exemption" by filing its Adversary Complaint. Opp'n (Dkt. 65) at 3. But the Corporation did not address the exemption in the adversary proceeding—it argued only that Mr. Thomas's debts were non-dischargeable, and that it was entitled to take funds from the profit-sharing plans. Although the latter position implies an opinion that Mr. Thomas should not prevail on claims against Mr. Bostwick, it does not address the possibility that Mr. Thomas might prevail, nor the treatment of any judgment that he might recover. Much like the trustee in *Taylor*, it seems the Corporation declined to challenge Mr. Thomas's claimed exemption because it "doubted that the [potential] lawsuit had any value." *See* 503 U.S. at 641. Even if the Court construed the Adversary Complaint as a challenge to the exemption claim, the exemption would stand because the Corporation did not file the Adversary Complaint within the requisite 30 day period. *See id.* at

4

643−44; Pl.'s RJN Exs. 2−3.  Under *Taylor*, the Court need not examine whether Mr. Thomas "had a colorable statutory basis for claiming" the exemption; it is sufficient that he claimed it and no party objected within the time limit.  *See id.*

The Corporation offers a related argument that the question of exemption was not determined in Mr. Thomas's bankruptcy, because the bankruptcy court declined to determine "whether or not [Mr. Thomas] is entitled to recover anything from anybody."  Opp'n at 4 (citation omitted).  But whether Mr. Thomas was entitled to recover is a separate issue from whether such recovery would be exempt under the Bankruptcy Code.  Regardless, the Corporation is correct that the bankruptcy court did not address the exemption in the adversary proceeding: it had no reason to do so because the Corporation filed no objection.  The Corporation cites no requirement that a claimed exemption must be adjudicated in order to be valid.  Under § 522(*l*) and *Taylor*, it is sufficient that Mr. Thomas claimed the exemption and no party objected.  *See also Cunningham*, 513 F.3d at 324 ("[I]t is a basic principle of bankruptcy law that exemptions are determined when a petition is filed.").  Thus, to the extent that it remains an open question, the Court now holds that Mr. Thomas's proceeds from his claim against Mr. Bostwick are exempt.  Under § 522(c), the proceeds are immune from liability for Mr. Thomas's pre-bankruptcy debts, including his judgment debts to the Corporation.[4]

### B.    Relationship Between Competing Liens

Mr. Thomas's attorneys have also filed a Notice of Lien on Mr. Thomas's claims "as security for payment of fees and expenses counsel has incurred."  Dkt. 54.  The issue of which lien has priority is not properly before the Court, having been first raised in the Corporation's Opposition, and the Court need not reach it in light of the decision that Mr. Thomas's exemption claim applies to the proceeds of his lawsuit.

---

[4] The Corporation also devotes portions of its Opposition to arguing that ERISA does not protect the funds at issue, either because the proceeds of Mr. Thomas's claim are not "the actual sums . . . due to him from [the profit-sharing plans]," or because ERISA ceases to protect funds once they are distributed to a plan participant or third party.  Opp'n at 3, 5.  These arguments are not relevant to Mr. Thomas's present motion, which is based on the exemption provisions of the Bankruptcy Code, not on ERISA's anti-alienation provision.  *See* Mot. at 2.

## IV.  CONCLUSION

For the reasons stated above, any proceeds of Mr. Thomas's claim against Mr. Bostwick are exempt from liability for Mr. Thomas's pre-bankruptcy debts.  Accordingly, because the Corporation's Notice of Lien is based on debts that arose before Mr. Thomas's bankruptcy, the Court GRANTS Mr. Thomas's Motion to Quash.

**IT IS SO ORDERED.**

Dated: August 29, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge