UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TODD THOMAS,<br>　　　　Plaintiff,<br>　　v.<br>JAMES S. BOSTWICK, et al.,<br>　　　　Defendants. | Case No. 13-cv-02544-JCS<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**<br>Re: Dkt. No. 92 |

## I.　INTRODUCTION

This is a case for breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), specifically 29 U.S.C. §§ 1109(a) and 1132(a)(2). The Court previously entered judgment in favor of Plaintiff Richard Todd Thomas. Defendant James S. Bostwick now moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for the Court to alter or amend its previous judgment (the "Motion," dkts. 92, 93). The Court finds the matter suitable for resolution without oral argument and **vacates the hearing scheduled for November 19, 2014**. *See* Civ. L.R. 7-1(b). Mr. Bostwick's arguments are largely improper efforts to relitigate matters previously considered and decided, or to raise arguments that could have been made before the entry of judgment. The Court also finds Mr. Bostwick's arguments unpersuasive on their merits. Accordingly, for the reasons discussed below, Mr. Bostwick's Motion is DENIED.[1]

## II.　BACKGROUND

This Order assumes the parties' familiarity with the facts of the case, which are set forth in more detail in the Court's previous order on the parties' cross motions for judgment (the "Order,"

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

dkt. 85).[2]  In brief, Mr. Thomas was employed as an accountant by James S. Bostwick, Professional Corporation (the "Corporation") from 1996 to 2005.  Joint Statement of Undisputed Facts ("JSUF," dkt. 51) ¶ 1.  During that time, he embezzled vast sums of money from the Corporation, for which the Corporation obtained both a civil judgment and a restitution order.  *Id.* ¶¶ 3−4.

Mr. Bostwick was the president of the Corporation and the trustee of trusts relating to certain defined-contribution profit-sharing plans (the "Plans") set up for the Corporation's employees.  *Id.* ¶ 8.  In 2008 and 2009, the Corporation liquidated the trusts, which "are no longer in existence."  *Id.* ¶ 9.  Mr. Bostwick requested that Mr. Thomas consent to transfer Mr. Thomas's share of the Plans to the Corporation in partial satisfaction of his judgment debts.  *Id.* ¶ 19.  Mr. Thomas declined to so consent, but the funds were transferred anyway and the Corporation deposited the checks.  *Id.* ¶¶ 11, 19.

Mr. Thomas brought this action against Mr. Bostwick for breach of fiduciary duty under sections 409(a) and 502(a)(2) of ERISA, 29 U.S.C. § 1109)(a), 1132(a)(2).  The parties waived their rights to live testimony and stipulated that the Court should enter judgment based on cross-motions for judgment and the parties' Joint Statement of Undisputed Facts.  *See* Stipulation (dkt. 53).  The Court entered judgment in favor of Mr. Thomas, holding that ERISA did not permit the transfer of benefits to the Corporation and that Mr. Thomas could recover from Mr. Bostwick personally for his breach of fiduciary duty, so long as his recovery was limited to the benefits that he should have received.  *See generally* Order Granting Pl.'s Mot. for J. & Denying Def.'s Mot. for Summ. J. ("Order," dkt. 85).  The Court relied, *inter alia*, on the Supreme Court's decision in *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365 (1990), in holding that the transfer was impermissible, and on the Supreme Court's decision in *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248 (2008) and the Seventh Circuit's decision in *Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007), in holding that Mr. Thomas could obtain a monetary judgment against Mr. Bostwick.  *See generally* Order.

---

[2] *Thomas v. Bostwick*, No. 13-cv-02544-JCS, 2014 WL 4364816 (N.D. Cal. Sept. 3, 2014).

1  Mr. Bostwick now moves under Rule 59(e) for the Court to alter or amend its previous
2  judgment, based on four arguments.  First, Mr. Bostwick argues that Mr. Thomas's claim was
3  barred because he failed to first exhaust the Plans' claims procedures.  Mot. at 2−3.  Second, he
4  argues that relief was not available under section 502(a)(2) because Mr. Thomas should have
5  brought his claim against the Plans under section 502(a)(1)(B).  *Id.* at 3−4.  Third, he contends that
6  no breach occurred because the transfer was within the discretion of the plan administrators.  *Id.* at
7  4.  Finally, he suggests that the Court improperly relied on facts outside the scope of the parties'
8  joint stipulation.  *Id.* at 5−6.

### III.    ANALYSIS

#### A.    Legal Standard

Rule 59(e) provides that a party may file a "motion to alter or amend a judgment."  Fed. R. Civ. P. 59(e).  The Ninth Circuit has explained the standard for a motion under Rule 59(e) as follows:

> "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). But amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *Id*. (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id*.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011).  This Rule "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).  Defendants' Motion focuses on the first and third grounds for relief, arguing that amendment of the judgment is warranted to "correct manifest errors of law or fact upon which the judgment rests" and to "prevent manifest injustice."  *See id.*; Mot. at 2.

### B. Mr. Bostwick's Administrative Exhaustion Argument is Untimely and Unpersuasive

The Court heard the parties' arguments regarding their cross-motions for judgment on August 22, 2014. At that hearing, the Court stated its then-tentative conclusion that a plaintiff "can sue for lost benefits under 409 under the 'other remedial relief' provision." The Court also discussed its intent to rely on the Seventh Circuit's decision in *Harzewski*, 489 F.3d 799. That case recognized a plaintiff's right to sue under section 502(a)(2) "for an *adjustment to benefits* designed to give him what he would have received," and discussed in detail the distinction between a permissible suit for benefits and an impermissible suit for damages. *Harzewski*, 489 F.3d at 804−05 (emphasis added). Mr. Bostwick was therefore on notice that Mr. Thomas's section 502(a)(2) claim could—and in fact must—be construed as a suit for benefits. At Mr. Bostwick's request, the Court granted leave to file a post-hearing supplemental brief. *See* dkt. 78. Mr. Bostwick could have raised his administrative exhaustion argument in that brief, but did not do so. *See generally* Def.'s Supp'l Br. (dkt. 79).[3] Rule 59(e) "may not be used . . . to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping*, 554 U.S. at 485 n.5.

Even if the Court considers this argument despite Mr. Bostwick's failure to raise it before the entry of judgment, the argument is not persuasive. The Ninth Circuit has held that at least in the case of suit by a co-trustee, a plaintiff need not exhaust administrative remedies before bringing a claim for breach of fiduciary duty based on "an alleged violation of a protection afforded by ERISA." *Fujikawa v. Gushiken*, 823 F.2d 1341, 1345 (9th Cir. 1987) (citation omitted). Mr. Thomas discusses *Fujikawa* in his Opposition, *see* Opp'n (dkt. 97) at 4, but Mr. Bostwick makes no argument in his Reply as to why that precedent should not apply here.

The Court also questions whether any administrative remedy remained after the Plans had been terminated. Mr. Bostwick contends that the claims procedure remained a viable option for Mr. Thomas because although the Plans were terminated, the trusts associated with the Plans

---

[3] Mr. Bostwick also failed to raise the administrative exhaustion argument in his second supplemental brief, which the Court reviewed and considered despite Mr. Bostwick's failure to seek leave to so file. *See generally* Reply to Pl.'s Supp'l Briefing (dkt. 84).

"remained in place until all claims were handled, and benefits appropriately distributed." Mot. at 3 (citing the Plans' termination provisions). As the Court observed in its previous Order, however, "both parties have explicitly stipulated that the trusts no longer exist." Order at 8 n.8 (citing JSUF ¶ 9 ("The Trusts are no longer in existence.")). "[F]actual stipulations are formal concessions . . . that have the effect of withdrawing a fact from issue," and courts will not "consider a party's argument that contradict[s] a joint stipulation." *Christian Legal Soc'y of Univ. of Cal., Hastings Coll. of Law v. Martinez*, 561 U.S. 661, 677−78 (2010) (citations and internal quotation marks omitted; ellipsis in original). With no plans or trusts remaining, the Court is not persuaded that any administrative remedy remained for Mr. Thomas to pursue.

The Court need not reach Mr. Thomas's contention that Mr. Bostwick waived the administrative procedure argument by failing to plead it as an affirmative defense. *See* Opp'n at 3−4.

### C. Mr. Thomas Properly Brought a Claim Under Section 502(a)(2)

Mr. Bostwick argues that Mr. Thomas cannot bring a claim under section 502(a)(2) because that section provides for "appropriate relief," and relief is not "appropriate" if it is available under another statute. Mot. at 3−4 (citing *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996)). According to Mr. Bostwick, Mr. Thomas should have brought a claim for benefits against the plan pursuant to section 502(a)(1)(B), and thus cannot bring a claim under section 502(a)(2). As with the administrative exhaustion argument discussed above, Mr. Bostwick failed to make this argument before the entry of judgment, and it is therefore not an appropriate basis for a Rule 59(e) motion. *See Exxon Shipping*, 554 U.S. at 485 n.5.

Also like the argument above, even if the Court entertains this argument, it is not persuasive. The case on which Mr. Bostwick relies dealt with "appropriate *equitable* relief" under section 502(a)(3). *See* 29 U.S.C. § 1132(a)(3); *Varity Corp.*, 516 U.S. at 514−15. It is well established that a "court[] of equity should not act . . when the moving party has an adequate remedy at law." *Brown v. Holder*, 763 F.3d 1141, 1152 (9th Cir. 2014) (quoting *Morales v. Trans World Airlines*, 504 U.S. 374, 381 (1992)) (alterations in original). It is therefore not at all clear that the Supreme Court's restriction of equitable remedies under section 502(a)(3) applies equally

to section 502(a)(2), which, as discussed in the Court's previous Order, extends beyond equity. *See* Order at 5 n.5. The Court is also not persuaded that Mr. Thomas had any remedy under section 502(a)(1)(B), because that statute authorizes actions against plans, and the Plans here no longer existed when Mr. Thomas filed his claim.[4]

### D. Neither ERISA nor the Plans Granted Mr. Bostwick Discretion or Authority to Forfeit Mr. Thomas's Benefits

Mr. Bostwick's third argument is difficult to discern, but notes that "the Supreme Court has . . . held that ERISA plans may grant administrators and fiduciaries discretion in determining benefit eligibility and the meaning of plan terms, decisions that courts may review only for an abuse of discretion." Mot. at 4. The Court understands this to suggest that Mr. Bostwick and the plan administrators had discretion to determined eligibility, and that revoking Mr. Thomas's benefits and transferring them to the Corporation fell within that authority. That is an argument that Mr. Bostwick pursued in his pre-judgment briefs, and that the Court rejected in its previous Order. *See* Def.'s Opp'n to Summ. J. (Dkt. 60) at 2; Def.'s Supp'l Br. at 4; Order at 8−10 (holding that Mr. Thomas's benefits were fully vested and thus protected by ERISA's anti-forfeiture provision).[5] This argument is therefore improper because "Rule 59(e) . . . may not be used to relitigate old matters." *See Exxon Shipping*, 554 U.S. at 485 n.5.

The Court's ruling on this issue in the previous Order stands. Prior to judgment, Mr. Bostwick did not actually cite any such grant of discretion. He now cites a provision stating that "[b]enefits under this Plan will be paid only if the Plan Administrator decides in his discretion that the applicant is entitled to them." Mot. at 3 (citing JSUF Ex. 2 at 83, § 3.7.1). The transfer of Mr.

---

[4] The unavailability of remedies under section 502(a)(1)(b) distinguishes this case from another case that Mr. Bostwick cites, *Hoffman v. Am. Soc'y for Tecnnion-Israel Inst. of Tech.*, Inc., No. 09CV2482 AJB CAB, 2011 WL 5570075 (S.D. Cal. Nov. 16, 2011). Further, to the extent that this Court's decision conflicts with *Hoffman*, the Court finds the reasoning of that case unpersuasive because it relies on *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (2011), without addressing the effect of the Supreme Court's more recent decision in *LaRue*. *See id.* at *2. *LaRue* . . . establishes that precedent from cases [like *Russell*] involving defined benefit plans is not automatically applicable in cases involving defined contribution plans." *Vaughn v. Bay Envt'l Mgmt., Inc.*, 567 F.3d 1021, 1027 n.9; *see also* Order at 5−7 (discussing the effect of *LaRue* on *Russell*).

[5] The Court also found that the transfer was an alienation and not a determination of ineligibility. If it had been the latter, there would be no reason to credit it against Mr. Thomas's judgment debts. *See* Order at 8−9 n.9.

6

Thomas's benefits was nevertheless an abuse of discretion.

Mr. Bostwick's suggestion that any administrator or trustee had authority to revoke Mr. Thomas's vested benefits is inconsistent with both ERISA and the Plans themselves. For example, one plan document provides that "[a]n Employee who has become a Participant shall remain a Participant until the entire amount of his Distributable Benefit is distributed to him or his Beneficiary in the event of death." *Id.* § 2.1.4. There is no indication that any question ever arose as to Mr. Thomas's eligibility to "*become* a Participant." *See id.* The Plans also provide a vesting structure in which all of Mr. Thomas's benefits were fully vested at the time they were transferred to the Corporation, and ERISA generally prohibits the forfeiture of retirement benefits. *See* Order at 9 (citing 29 U.S.C. § 1053(a); JSUF Exs. 1, 2); *see also Guidry*, 493 U.S. at 369 & n.7 (discussing "decisions holding that pension benefits were not forfeitable even upon a showing of the covered employee's misconduct"). Nothing in the Plans' distributions or eligibility provisions suggest that Mr. Thomas could have been ineligible to receive benefits. *See* JSUF Ex. 2 at 17−18 35−48. Perhaps most clearly, the Plans include the following provision expressly prohibiting the transfer of funds to the Corporation:

> **3.11.1  No Reversion to Employer.** Except as specifically provided in the Plan, no part of the corpus or income of the Trust shall revert to the Employer or be used for, or diverted to purposes other than for the exclusive benefit of Participants and their Beneficiaries.

JSUF Ex. 2 at 91. The Court therefore concludes that the transfer of Mr. Thomas's benefits fell outside of any discretion granted to Mr. Bostwick or the plan administrators.

### E.   The Court's Previous Order Was Properly Founded on Stipulated Facts

Mr. Bostwick's fourth and final argument suggests that the Court relied on facts outside of the parties' stipulation in entering judgment for Mr. Thomas. *See* Mot. at 5−6. The Court stands by its conclusion that Mr. Bostwick was sufficiently involved in the wrongful transfer of Mr. Thomas's benefits to be held liable for breach of fiduciary duty. That conclusion is compelled by the stipulated facts that: (1) Mr. Bostwick "was the President of the Corporation," JSUF ¶ 8; (2) Mr. Bostwick "was the trustee of the Trusts," *id.*; and (3) "[p]rior to the Corporation's deposit of the checks . . . [Mr.] Bostwick requested that Thomas consent to the distribution of the subject

funds to the Corporation [and Mr.] Thomas declined to so consent," *id.* ¶ 19.  *See* Order at 3. Further, in light of the clear rules of ERISA and the Plans—particularly the "No Reversion to Employer" provision set forth above—Mr. Bostwick could not have harbored any reasonable doubt as to the fact that the transfer was impermissible.

As part of this argument, Mr. Bostwick appears to cite his own supplemental brief as authority.  *See* Mot. at 6 (citing Def.'s Supp'l Br. at 6).  Aside from the fact that a party's prior argument does not constitute legal authority, this portion of Mr. Bostwick's argument seeks only "to relitigate old matters," which is not permitted under Rule 59(e).  *See Exxon Shipping*, 554 U.S. at 485 n.5.

The authority on which Mr. Bostwick's supplemental brief relied has no bearing on the present case.  In *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, the Supreme Court set forth rules under which a non-fiduciary recipient of funds transferred from an ERISA plan could be liable under a restitution theory based on section 502(a)(3).  *See* 530 U.S. 238, 250−51 (2000).  Here, Mr. Bostwick was a fiduciary and was not the recipient of a transfer (at least not directly), and Mr. Thomas did not bring a claim under section 502(a)(3) or pursue a restitution theory.  The Court therefore finds *Harris Trust* inapplicable to Mr. Thomas's claim under section 502(a)(2) for breach of fiduciary duty.

## IV.  CONCLUSION

Mr. Bostwick has failed to demonstrate manifest errors of law or fact, or manifest injustice. His Motion to Alter or Amend Judgment is therefore DENIED.  Although "there may be a natural distaste for the result" in favor of Mr. Thomas despite his embezzlement, *see Guidry*, 493 U.S. at 377, ERISA provides no basis to deny Mr. Thomas vested benefits on account of his misdeeds, and prohibits alienation of such benefits in satisfaction of his debts.  If Mr. Thomas wishes to refile his motion for attorneys' fees, he must do so within fourteen days of the date of this order.

**IT IS SO ORDERED.**

Dated: November 14, 2014

JOSEPH C. SPERO
United States Magistrate Judge

8