United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TODD THOMAS,<br>  Plaintiff,<br>v.<br>JAMES S. BOSTWICK, et al.,<br>  Defendants. | Case No. 13-cv-02544-JCS<br><br>**ORDER REQUIRING DEFENDANT TO PRODUCE FINANCIAL EVIDENCE**<br>Re: Dkt. No. 130 |

Plaintiff Richard Todd Thomas has moved for an award of attorneys' fees after prevailing on his ERISA claim against Defendant James Bostwick. Among the factors that courts consider in deciding whether to award attorneys' fees under ERISA is "the ability of the opposing part[y] to satisfy an award of fees." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010) (quoting *Hummell v. S. E. Rykoff & Co.*, 634 F.2d 466, 453 (9th Cir. 1980). In his Motion, Mr. Thomas argues that Mr. Bostwick "has a substantial ability to satisfy an award of attorneys' fees." Mot. (dkt. 104) at 5. Mr. Bostwick responds that he "is not in a position to satisfy an award of fees." Opp'n (dkt. 110) at 3−4.

The parties have now filed a joint letter disputing whether Mr. Bostwick must respond to discovery requests propounded by Mr. Thomas regarding Mr. Bostwick's financial means. *See* Joint Letter (dkt. 130). "Defendant's position is that unless and until such time as the Court reaches a determination that Plaintiff would otherwise be entitled to an award of attorneys' fees . . . Defendant should be entitled to protect his private financial records and information from the individual who embezzled millions of dollars from him." *Id.* at 2−3. "Mr. Bostwick suspects the Court might find that Thomas is not entitled to a recovery of his attorneys' fees" for other reasons, and therefore believes that the Court may not reach the issue of whether Mr. Bostwick would be able to satisfy an award of fees. *Id.* at 3.

The parties do not dispute that ability to pay is among the factors that the Ninth Circuit has instructed courts to consider in evaluating attorneys' fees motions brought under ERISA. Regardless of Mr. Bostwick's suspicions as to how this Court will rule on Mr. Thomas's Motion, his ability to pay is one relevant factor, and he cannot simultaneously assert inability to pay yet withhold any evidence of that from Mr. Thomas. The Court declines to make a preliminary determination without such evidence, potentially requiring a second round of submissions and analysis if the Court were to find Mr. Bostwick's ability to pay relevant to the outcome of the motion.

On the other hand, Mr. Thomas's exhaustive requests for detailed financial records are excessive and overly burdensome. **The Court therefore ORDERS Mr. Bostwick to produce the following documents to counsel for Mr. Thomas no later than March 26, 2015:**

1. Mr. Bostwick's most recent statements for any bank accounts, investment accounts, or other accounts in his name with any financial institution. Mr. Bostwick may redact account numbers.

2. Mr. Bostwick's most recent state and federal income tax returns. Mr. Bostwick may redact any information not relevant to understanding his income, such as his social security number and charitable contributions.

3. An itemized list stating the value of each of Mr. Bostwick's assets exceeding $5,000 in value not otherwise documented in the materials listed above, including the value of any ownership stake in any corporate entity.

4. Any other information on which Mr. Bostwick intends to rely in support of his argument that he cannot afford to pay an award of attorneys' fees.

These documents are to be produced on an attorneys'-eyes-only basis. Counsel may <u>not</u> disclose these documents or their contents to anyone, including the parties in this action, except the Court and its officers. These documents, and any information contained therein, may not be included in any form in any public filing. Any filing referencing these documents or the information contained therein shall comply with the procedures for filing under seal set forth in Civil Local Rule 79-5.

As an alternative, Mr. Bostwick may withdraw his argument that he would be unable to pay an award of fees, and file notice of such withdrawal no later than March 26, 2015.  **The deadline for Mr. Thomas's Reply is hereby continued to April 3, 2015.**

**IT IS SO ORDERED.**

Dated: March 19, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge