UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TODD THOMAS,<br>    Plaintiff,<br>    v.<br>JAMES S. BOSTWICK, et al.,<br>    Defendants. | Case No. 13-cv-02544-JCS<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES**<br>Re: Dkt. No. 104 |

## I.  INTRODUCTION

Plaintiff Richard Todd Thomas brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, alleging that the transfer of $21,631.79 to Mr. Thomas's former employer from a profit-sharing account established for Mr. Thomas constituted a breach of fiduciary duty by Defendant James S. Bostwick.  Although Mr. Thomas had previously embezzled nearly twenty million dollars from his employer, the Court held that the terms of the profit-sharing plan and ERISA's anti-alienation rules nevertheless prohibited the transfer, and accordingly entered judgment for Mr. Thomas.  Mr. Thomas now moves to recover his attorneys' fees under 29 U.S.C. § 1132(g)(1).  The Court finds the matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, Mr. Thomas's Motion is DENIED.  The parties shall bear their own attorneys' fees.[1]

## II.  BACKGROUND

Mr. Thomas was employed as an accountant by James S. Bostwick, Professional Corporation (the "Corporation") from 1996 to 2005.  Joint Statement of Undisputed Facts ("JSUF," dkt. 51) ¶ 1.  During that time, he embezzled vast sums of money from the Corporation,

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

for which the Corporation obtained both a civil judgment and a restitution order. *Id.* ¶¶ 3−4.

Mr. Bostwick was the president of the Corporation and the trustee of trusts relating to certain defined-contribution profit-sharing plans (the "Plans") set up for the Corporation's employees. *Id.* ¶ 8. In 2008 and 2009, the Corporation liquidated the trusts, which "are no longer in existence." *Id.* ¶ 9. Mr. Bostwick requested that Mr. Thomas consent to transfer Mr. Thomas's share of the Plans to the Corporation in partial satisfaction of his judgment debts. *Id.* ¶ 19. Mr. Thomas declined to so consent, but the funds were transferred anyway and the Corporation deposited the checks. *Id.* ¶¶ 11, 19.

Mr. Thomas brought this action against Mr. Bostwick for breach of fiduciary duty under sections 409(a) and 502(a)(2) of ERISA, 29 U.S.C. §§ 1109(a), 1132(a)(2). The parties waived their rights to live testimony and stipulated that the Court should enter judgment based on cross-motions for judgment and the parties' Joint Statement of Undisputed Facts. *See* Stipulation (dkt. 53). The Court entered judgment in favor of Mr. Thomas, holding that ERISA did not permit the transfer of benefits to the Corporation and that Mr. Thomas could recover from Mr. Bostwick personally for his breach of fiduciary duty, so long as his recovery was limited to the benefits that he should have received. *See generally* Judgment Order (dkt. 85).[2] The Court relied, *inter alia*, on the Supreme Court's decision in *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365 (1990), in holding that the transfer was impermissible, and on the Supreme Court's decision in *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248 (2008) and the Seventh Circuit's decision in *Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007), in holding that Mr. Thomas could obtain a monetary judgment against Mr. Bostwick. *See generally* Judgment Order. The Court also granted Mr. Thomas's motion to quash a lien filed by the Corporation, holding that the proceeds of Mr. Thomas's claim had been established as exempt during a bankruptcy proceeding, thus shielding them from any debt predating the bankruptcy. *See generally* Am. Order Granting Mot. to Quash (dkt. 83).

Mr. Thomas initially moved for his attorneys' fees on September 17, 2014. *See* dkt. 88.

---

[2] *Thomas v. Bostwick*, No. 13-cv-02544-JCS, 2014 WL 4364816 (N.D. Cal. Sept. 3, 2014).

The Court denied that motion without prejudice while it considered Mr. Bostwick's subsequent motion to alter or amend the judgment. *See* dkt. 95. After the Court denied Mr. Bostwick's motion as both procedurally improper and substantively unpersuasive, *see* dkt. 103, Mr. Thomas filed his present Motion on November 26, 2014. Since then, the Court has granted the parties several extensions of time to file their briefs, and resolved a discovery dispute in favor of Mr. Thomas. *See* dkts. 108, 114, 126, 129, 131.

### III. ANALYSIS

#### A. Legal Standard

ERISA grants courts "discretion [to] allow a reasonable attorney's fee and costs of action to either party" in an action such as this one. 29 U.S.C. § 1132(g)(1). As a threshold matter, "a fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). This requires something more than "'trivial success on the merits' or a 'purely procedural victor[y].'" *Id.* (quoting *Ruckelshaus*, 463 U.S. at 688) (alteration in original).

In its first opinion considering an award of fees under ERISA, the Ninth Circuit set forth a detailed structure for evaluating such requests:

> We agree with the Fifth and Tenth Circuits that district courts should have guidelines to apply in the exercise of their discretion under § 1132(g). They should consider these factors among others: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S. E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980) (citing *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980); *Eaves v. Penn*, 587 F.2d 453, 465 (10th Cir. 1978)). "The Hummell factors reflect a balancing and [a court] need not find that each factor weighs in support of fees" in order to grant a motion for attorneys' fees. *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999).

Although the Supreme Court has stated that "these five factors bear no obvious relation to § 1132(g)(1)'s text or to our fee-shifting jurisprudence" and thus "are not required for channeling a court's discretion when awarding fees under this section," it explicitly declined to "foreclose the possibility that once a claimant has [shown some degree of success], a court may consider the five factors." *Hardt*, 560 U.S. at 254−55 & n.8 (2010). The Ninth Circuit has since reaffirmed "that district courts must consider the *Hummell* factors." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1119 (9th Cir. 2010); *see also id.* at 1121 (discussing *Hardt*).

In conjunction with analysis of the *Hummell* factors, the Ninth Circuit has stated that "[s]uccessful plaintiffs in ERISA suits should ordinarily recover fees unless special circumstances would render such an award unjust." *Elliot v. Fortis Benefits Ins. Co.*, 337 F.3d 1138, 1148 (9th Cir. 2003) (citing *McElwaine*, 176 F.3d at 1172). This rule is based on ERISA's "remedial" purposes, "those purposes being to protect employee rights and to secure effective access to federal courts." *See Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984).

## B. Mr. Thomas Achieved Success on the Merits

The first question before the Court is whether Mr. Thomas achieved "some degree of success on the merits." *See Hardt*, 560 U.S. at 255. Mr. Bostwick does not and cannot dispute that Mr. Thomas achieved success—the Court has thus far ruled in Mr. Thomas's favor on every substantive motion in this action, and granted judgment for Mr. Thomas. The rule of *Hardt* therefore presents no barrier to an award of fees.

## C. The *Hummell* Factors Favor Mr. Thomas

On balance, the five factors enumerated in *Hummell* favor Mr. Thomas, although not overwhelmingly.

### 1. Mr. Bostwick's Culpability

The first factor is "the degree of the opposing parties' culpability or bad faith." *Hummell*, 634 F.2d at 453. "[F]rom a legal perspective, Defendant[ is] 'culpable' in that [he was] found to owe Plaintiff a legal duty that [he was] not fulfilling." *See King v. Cigna Corp.*, No. C 06-7025 CW, 2007 WL 4365504, at *2 (N.D. Cal. Dec. 13, 2007); *see also Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1033 & n.3 (N.D. Cal. 2011). In light of the applicable plan terms, ERISA's

4

anti-alienation provision, and the Supreme Court's decision in *Guidry*, Mr. Bostwick's arguments that the transfer was permissible bordered on frivolous. To the extent that Mr. Bostwick had any colorable arguments in this action, they were his procedural arguments that Mr. Thomas could not sue the particular defendant that he named for the particular relief that he sought. Such arguments do not meaningfully dispute Mr. Bostwick's underlying culpability, and regardless, the Court rejected those arguments as well.

The Court did not find that Mr. Bostwick necessarily acted in bad faith—although he certainly *should* have known that the transfer was not permissible, he may have wrongly believed that it was—but "bad faith is not a prerequisite to an ERISA fee award," or even to a conclusion that the first *Hummell* factor favors awarding fees. *See McElwaine*, 176 F.3d at 1173. This factor therefore favors Mr. Thomas, although not as strongly as it would if Mr. Thomas had proven that Mr. Bostwick acted in bad faith.[3]

### 2. Mr. Bostwick's Ability to Satisfy an Award of Fees

The second factor is "the ability of the opposing parties to satisfy an award of fees." *Hummell*, 634 F.2d at 453. After Mr. Bostwick denied that he could satisfy a fee award, Mr. Thomas sought discovery relating to Mr. Bostwick's ability to pay. *See* Joint Discovery Letter (dkt. 130). The Court held that because such information is relevant to the second *Hummell* factor, Mr. Bostwick must either produce limited financial information or withdraw any argument based on inability to satisfy an award of fees. *See* Order Requiring Def. to Produce Financial Evidence (dkt. 131). Mr. Bostwick chose to withdraw his argument rather than produce financial documents. *See* Notice (dkt. 132). The Court therefore deems Mr. Bostwick able to satisfy an award of fees, and finds that this factor favors Mr. Thomas.

### 3. Deterrence

The third factor is "whether an award of fees against the opposing parties would deter others from acting under similar circumstances." *Hummell*, 634 F.2d at 453. Mr. Bostwick

---

[3] Mr. Thomas's own culpability and bad faith in embezzling staggering sums of money is a significant countervailing consideration. Because the first *Hummell* factor discusses only the "*opposing* parties' culpability or bad faith," however, this Order addresses Mr. Thomas's conduct separately below.

5

disregards the plain language of this factor to argue that there is no deterrent value because he has not, himself, engaged in a pattern of abuse, and because the specific Corporation at issue no longer maintains a profit-sharing plan. Opp'n (dkt. 110) at 4. Such arguments have no bearing on "whether an award of fees . . . would deter *others* from acting under *similar* circumstances." *Hummell*, 634 F.2d at 453 (emphasis added). Mr. Bostwick cites no authority for his contention that courts should focus narrowly on deterring the specific defendant in a case, and the Court finds his argument unpersuasive.

As in virtually any ERISA case, an award of fees here would have some deterrent effect on similarly situated fiduciaries. On the other hand, the Court notes the unique context of this case: a plan participant who embezzled enormous amounts of money from his employer that he was unable to otherwise repay, an employer that decided to terminate its benefit plan while in the process of collecting the participant's judgment debt, the participant's refusal to consent to apply his benefits toward his debts, and a subsequent use of self-help to alienate benefits in complete disregard of ERISA's anti-alienation protection and relevant Supreme Court precedent. The circumstances of this case tend to reduce the significance of deterrence because they are unlikely to arise frequently—in other words, there will probably not be all that many similarly situated fiduciaries in need of deterrence. Further, the cost incurred and effort expended to defend this action, and Mr. Thomas's ultimate success in recovering his benefits, will likely have some deterrent effect on similarly situated fiduciaries even without an award of fees. The Court therefore holds that while this factor marginally favors Mr. Thomas, it carries limited weight in this case.

### 4. Breadth of Benefit

The fourth factor is "whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA." *Hummell*, 634 F.2d at 453. Mr. Thomas does not dispute that this action was for his own benefit and provided no benefit to other participants and beneficiaries. Mot. (dkt. 104) at 6; Reply (dkt. 134) at 7. He notes that he was the only remaining participant after all of the other participants properly received their benefits upon termination of the plans. Mot. at 6; Reply at 7. That does

not change the fact that the Mr. Thomas was the only person harmed by the wrongful transfer at issue, and the only person to benefit from this action, in stark contrast to many cases where courts have awarded attorneys' fees. *Cf., e.g.*, *McElwaine*, 176 F.3d at 1173 ("It is undisputed that the calculation error McElwaine discovered benefitted almost 3,000 similarly situated plan participants who, as a result of her diligence, received more than double the death benefit they would have otherwise received.").

Mr. Thomas also argues that he "sought to resolve a significant legal issue" because this case "established that plan fiduciaries may not abuse their power and ignore the anti-alienation provisions in ERISA plans." Mot. at 6. That fiduciaries are bound by the terms of ERISA and ERISA plans is not a significant legal issue that required resolution. Mr. Thomas's Reply is more specific, suggesting that this case is significant because it resolved "whether *Novak* applies to state restitution orders." Reply at 7. In *United States v. Novak*, the Ninth Circuit held that the Mandatory Victims Restitution Act (MVRA) "authorizes the enforcement of restitution orders against retirement plan benefits, the anti-alienation provision of ERISA notwithstanding." 476 F.3d 1041, 1053 (9th Cir. 2007) (en banc). The MVRA's irrelevance to the present action is not, however, a significant legal issue: by its terms, that statute plainly applies only to the means by which "[t]he United States may enforce a judgment." 18 U.S.C. § 3613(a). Further, as discussed in this Court's Order on the parties' cross motions for judgment, the Ninth Circuit made clear in *Novak* that the MVRA is limited to the government's efforts to enforce restitution orders resulting from federal criminal convictions. *See* Judgment Order at 12 (discussing *Novak*, 476 F.3d at 1056−57). There could be no reasonable dispute that the statute has no bearing on whether private parties, as opposed to the United States, may engage in self-help to alienate funds from an ERISA plan to satisfy a state court restitution order.

Because this action benefited only Mr. Thomas, and because Mr. Thomas has failed to identify a significant legal issue in need of resolution, this factor weighs against awarding fees.

**5. Merits of the Parties' Positions**

The final *Hummell* factor is "the relative merits of the parties' positions." *Hummell*, 634 F.2d at 453. As previously discussed, Mr. Thomas has prevailed on every substantive motion in

7

this case, and the Court entered judgment in his favor. This factor therefore favors Mr. Thomas.

### D. Mr. Thomas Is Nevertheless Not Entitled to Attorneys' Fees

Although the five factors enumerated in *Hummell* on balance favor an award of fees, the Court declines to end its inquiry there. In *Hummell*, the Ninth Circuit instructed district courts to "consider these factors *among others*." *Hummell*, 634 F.2d at 453 (emphasis added). The Ninth Circuit has also consistently described the factors as "guidelines,"—*id.*; *see also Simonia*, 608 F.3d at 1119—and the Supreme Court has stated that the factors "are not required for channeling a court's discretion," *Hardt*, 560 U.S. at 254−55. In other contexts, the Ninth Circuit has noted that courts should avoid excessive formalism in applying multi-factor tests. *See, e.g.*, *Dreamworks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1129 (9th Cir. 1998) ("The factors should not be rigidly weighed; we do not count beans."). This Court therefore concludes that the *Hummell* framework, while useful, neither requires nor permits the Court to disregard other considerations that may be relevant to the propriety of awarding attorneys' fees.

Here, the most significant additional factor is that Mr. Thomas embezzled $19,837,866.14 from Mr. Bostwick's corporation—nearly *one thousand times* the amount Mr. Thomas recovered in this action, and hundreds of times the fees sought in the present motion. JSUF ¶ 3. While Mr. Thomas asserts that he has "served his criminal debt to society," he has not repaid his debt to Mr. Bostwick and the Corporation. Mot. at 7 (stating that Mr. Thomas "continues to pay restitution"). Indeed, it is unlikely that he will ever fully repay that debt. *See* Olson Decl. (dkt. 104-2) ¶ 13 (declaration by Mr. Thomas's attorney stating that "[i]f the [present] motion is not granted, then I will likely never collect more than a minority of my billed time"). And while Mr. Bostwick had no legal basis to alienate Mr. Thomas's ERISA benefits, an improper effort to satisfy a valid debt is nevertheless categorically different from Mr. Thomas's conduct—simply stealing almost twenty million dollars that he will probably never repay. The Court therefore finds that Mr. Thomas's embezzlement constitutes "special circumstances [that] would render . . . an award [of attorneys' fees] unjust." *See Elliot*, 337 F.3d at 1148.

This is not to say that attorneys' fees should be denied to all plaintiffs who have caused damage to a sponsoring employer. However, this case is unusual in a number of respects. First,

the amount stolen from, and the injury suffered by, Mr. Bostwick's corporation are dramatically greater than both the amount of ERISA benefits sought, and the amount of attorneys' fees incurred in obtaining those benefits. Second, while Mr. Bostwick's conduct is not innocent, it pales in comparison to Mr. Thomas's deliberate criminal conduct. Although the law rightly requires Mr. Bostwick to compensate Mr. Thomas for the improperly transferred benefits, it would be unjust in this case to require him to pay Mr. Thomas anything more. Accordingly, in its discretion, the Court DENIES Mr. Thomas's motion for attorneys' fees.

## IV. CONCLUSION

For the reasons stated above, Mr. Thomas's Motion is DENIED. The Court does not reach the parties' arguments regarding the appropriate value of reasonable attorneys' fees in this action.

**IT IS SO ORDERED.**

Dated: April 21, 2015

JOSEPH C. SPERO
Chief Magistrate Judge